Taha Yassin RAMADAN, Petitioner,

v.

George W. BUSH, et al., Respondents.

Civil Action No. 07–0297 (PLF).

United States District Court, District of Columbia.

Feb. 27, 2007.

Carl L. Messineo, Mara E. Verheyden–Hilliard, Partnership for Civil Justice, Washington, DC, Ramsey Clark, New York City, for Petitioner.

**36**

Michael P. Abate, U.S. Department of Justice, Washington, DC, for Respondents.

## ORDER

PAUL L. FRIEDMAN, District Judge.

Petitioner Taha Yassin Ramadan, the former Vice President of Iraq under Saddam Hussein, filed a petition for a writ of habeas corpus in this Court on February 9, 2007. The Court issued an Order to Show Cause directing the respondents to respond. Respondents filed an opposition to the petition on February 23, 2007. Petitioner filed a response to the opposition on February 26, 2007. The Court heard oral argument on the petition on February 27, 2007.

On February 27, 2007, after careful consideration of the arguments of the parties in their papers and at oral argument, and the relevant case law, the Court issued a ruling from the bench, denying the petition for a writ of habeas corpus. For the reasons stated, the Court concluded that it lacks jurisdiction to consider a petition for a writ of habeas corpus on behalf of this petitioner—a foreign citizen, detained overseas, with the existence of a multinational force, and criminally convicted by a foreign court—regardless of whether the United States can be deemed to be his custodian. *See Hirota v. MacArthur*, 338 U.S. 197, 198, 69 S.Ct. 197, 93 L.Ed. 1902 (1948) (courts of the United States have no authority to review petitions for writs of habeas corpus on behalf of alien non-resident petitioners sentenced by a tribunal not of the United States); *Flick v. Johnson*, 174 F.2d 983, 985–86 (D.C.Cir.1949) (courts of the United States have no authority to review petitions for writs of habeas corpus on behalf of alien non-resident petitioners sentenced by a tribunal not of the United States, even though petitioner was held by the United States Army); *Omar v. Harvey*, 479 F.3d 1, 7–8, 2007 WL 420137, at *6 (D.C.Cir.2007) (the

*Hirota* Court's "primary concern was that the petitions represented a collateral attack on the final judgment of an international tribunal.").

Accordingly, for the reasons stated in open court on February 27, 2007, it is hereby

ORDERED that the petition for a writ of habeas corpus is DENIED; it is

FURTHER ORDERED that this case is DISMISSED from the docket of this Court; and it is

FURTHER ORDERED that this Order shall constitute a FINAL JUDGMENT in this case. This is a final appealable order. *See* Rule 4(a), Fed. R.App. P.

SO ORDERED.